UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

MODOU TOURAY, a/k/a "LDOT,"
TYSHAWN MORRIS, a/k/a "YaYa,"
JEREMIAH MARTINEZ, a/k/a "JJ,"
JERIMIAH MORGAN, a/k/a "Goon,"
NYJAH WYNTER, a/k/a "Glizzy,"
DAMION ELLIOT, a/k/a "Upit,"
DA VON BEST KELLY, a/k/a "Benz,"
SETH COLON,
EDWIN POZO, a/k/a "Swerv,"
and RAEKWON KING, a/k/a "Buzzin,"
Defendants.

S1 26 Cr. 207 (RMB)

ORDER APPOINTING JULIE DE ALMEIDA AS COORDINATING DISCOVERY ATTORNEY

**ORDER**

It is hereby ORDERED that Julie de Almeida, Esq. is appointed as Coordinating Discovery Attorney for court-appointed defense counsel in these 10 cases.[1]

The Coordinating Discovery Attorney shall oversee discovery issues common to the court-appointed defense counsel. Her responsibilities will include:

- Managing and, unless otherwise agreed upon with the Government, distributing discovery produced by the Government and relevant third-party information common to defendants;
- Assessing the amount and type of case data to determine what types of technology should be evaluated and used so that duplicative costs are avoided, and so that the most efficient and cost-effective methods are identified and implemented;
- Acting as a liaison with federal prosecutors to ensure the timely and effective exchange of discovery, resolve the form of production issues, and coordinate solutions for any technical discovery problems;

[1] Upon the recommendation of defense counsel for all ten defendants and with no objection from the Government.

- Assessing the common needs of defense counsel and identifying any additional vendor support that may be required, such as digital forensic services, data processing, data hosting, format conversions, and other relevant technology; and

- Providing technological tools, training, and support services to the defense teams to ensure efficiency in locating relevant data within the discovery.

Whenever executing these responsibilities, the Coordinating Discovery Attorney shall assess and recommend to defense counsel effective and cost-efficient ways to analyze and review the discovery.

The Coordinating Discovery Attorney's duties do not include providing legal representation services to—and will not establish an attorney-client relationship with—any defendants. The Coordinating Discovery Attorney's role is to manage discovery and not to analyze the content for each defense counsel.

Discovery intended for the counsel of a specific defendant (and not to be shared with other defense counsel) shall be produced by the Government directly to the defense counsel for that defendant. Discovery requests specific to a relevant particular defendant shall be limited to the relevant particular defense counsel and shall be made to the Government. The Coordinating Discovery Attorney will not be involved.

With respect to any discovery common to all defendants and already produced by the Government prior to this Order, the Government shall provide a copy to the Coordinating Discovery Attorney. Any discovery which has not already been produced shall be provided directly to the Coordinating Discovery Attorney who, in turn, shall duplicate and distribute the discovery to defense counsel. Alternatively, the Government may elect to produce discovery directly to defense counsel with a simultaneous copy produced to the Coordinating Discovery Attorney. The Government shall support the Coordinating Discovery Attorney to provide discovery in a timely manner. If the Government produces discovery within 30 days of trial, it

shall provide copies directly to defense counsel with a simultaneous copy produced to the Coordinating Discovery Attorney.

Retained counsel may obtain a copy of the discovery from the Coordinating Discovery Attorney by requesting a copy and providing the cost of a blank storage device or providing a hard drive or flash drive of sufficient capacity, and sufficient postage for delivering the hardware. If a defense e-discovery review database is used, it should be with a vendor that can allow access to retained counsel if they agree to pay a portion of the costs in an amount determined by the vendor.

Because the Administrative Office of the U.S. Courts, Defender Services Office's Coordinating Discovery Attorney program is to support and meet the needs of court-appointed counsel, retained counsel cannot guide or otherwise instruct the Coordinating Discovery Attorney on how to review discovery. The duties of the Coordinating Discovery Attorney shall end at the conclusion of the last case with court-appointed defense counsel.

The Coordinating Discovery Attorney shall petition this Court, *ex parte*, for funds for outside services and shall closely monitor all vendor invoices for these services, including confirming work previously agreed to be performed. However, the CDA's time and the time spent by her staff will be paid by the Administrative Office of the U.S. Courts, Defender Services Office. All petitions to the Court for outside services shall include support and the basis for the requested funds and representations that the service cost is reasonable.

The Coordinating Discovery Attorney shall also submit to this Court regular periodic *ex parte* status reports that outline the progress of work, upcoming services which may require Court funding, and whether any funds approved by the Court for outside services (such as an e-

discovery review database) are within budget. A copy of each report shall also be sent to defense counsel.

Date: July 21, 2026
New York, New York

RMB

**RICHARD M. BERMAN, U.S.D.J.**